UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BRIAN WHITE,

                Plaintiff,                Case No. 2:14-cv-55

v.                                                    Honorable R. Allan Edgar

HERBERT BARRY et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauper\is*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is presently incarcerated at the Baraga Correctional Facility (AMF). In his *pro se* complaint, he sues Aramark Food Corporation (Aramark) and the following AMF employees: Food Service Directors Herbert Barry and Unknown Leinonen, Assistant Food Service Director (AFSD) Joseph Neher, Warden Robert Napel, Grievance Specialist Sean Lockhart and Hearing Administrator Richard D. Russell.

Plaintiff's brief complaint concerns the meals he has received while incarcerated at AMF. Since arriving at AMF in 2000, Plaintiff complains that he has been served undercooked and raw beans, expired milk and juice, and waited hours for meals while housed in segregation. "On/As of 5/17/07," Plaintiff states that he notified Food Service Director Barry about receiving expired orange juice. (Compl., docket #1, Page ID#3.) As of August 25, 2010, Plaintiff claims that AFSD Neher knew of his meal and utensil preferences. On January 5, 2011, Plaintiff also notified Neher about receiving raw and undercooked vegetables. Plaintiff states that the poorly prepared food and expired drinks continued when Aramark began providing food services on December 1, 2013, and has not been corrected as of January 1, 2014. Since his arrival at AMF, Plaintiff further asserts that every Warden has refused to enforce Michigan Department of Corrections (MDOC) Policy Directive 02.03.100 "Employee Discipline," and MDOC Policy Directive 02.03.130 "Corrective Action for Performance Problems."

Reading Plaintiff's complaint liberally, he appears to allege that Defendants Barry, Neher and Aramark violated his Eighth Amendment rights. *See Haines*, 404 U.S. at 520. Plaintiff also complains that Warden Napel refused to enforce two MDOC Policy Directives.

Plaintiff requests injunctive relief, 72.5 million dollars in monetary damages and 14.5 million dollars in punitive damages.

### Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient Allegations

Plaintiff failed to make any allegations against Defendants Lockhart, Russell and Leinonen in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his

injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Lockhart, Russell and Leinonen.

### B. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff claims that he was served undercooked and raw beans. Generally, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cain v. Mich. Dep't of Corr.*, No. 1:07-cv-543, 2008 WL 8224197, at *27 (W.D. Mich. Mar. 31, 2008) (Report & Recommendation) (quoting *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977), adopted 2011 WL 446050, at *6 (W.D. Mich. Feb. 1, 2011) ). The Sixth Circuit has recognized that the Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate "to maintain normal health." *Cunningham*, 567 F.2d at 660; *see also Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002) (finding that "if the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated."). However, food served to inmates need not be appetizing. *See U.S. v. Michigan*, 680 F. Supp. 270, 275 (W.D. Mich. 1988) ("Where food is prepared and served in a sanitary manner and is nutritionally adequate to maintain normal health, the fact that it is unappetizing will not, standing alone, state a constitutional claim"); *see also Cain*, 2008 WL 8224197, at *27 (food served "need not be tasty or aesthetically pleasing") (citation omitted). While undercooked or raw vegetables may be unappetizing to Plaintiff, there is nothing to indicate that Plaintiff's diet failed to adequately meet his nutritional needs to maintain a normal health. As a result, Plaintiff's dissatisfaction with the preparation of his beans falls far short of the objective component of an Eighth Amendment claim against Defendants Aramark[1] and Neher.

---

[1] The Court will assume, without deciding, that Aramark is a state actor because it provides food services to Michigan correctional facilities. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).

Plaintiff also claims that he was served expired milk and juice.[2] Plaintiff, however, does not allege that the expired milk or juice was actually spoiled or that he became sick or suffered any adverse health effects from consuming the expired beverages. Moreover, courts have found that one incident of *spoiled* milk, not expired milk, which can be good for a few days after its expiration date, fails to state an Eighth Amendment claim. *See Odom v. Hiland*, Civil Action No. 5:13CV-P29-R, 2013 WL 4045367, at *5 (W.D. Ky. Aug. 8, 2013) (one incident of being served spoiled milk does not rise to an Eighth Amendment claim); *see also Beene v. Rasseki*, No. 3:10-0285, 2010 WL 2196597, at **2, 7-8 (M.D. Tenn. May 27, 2010) (prisoner's claim that he was served spoiled milk was not sufficient to state an Eighth Amendment claim); *Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs). Therefore, Plaintiff's allegations of expired milk and juice are insufficient to state an Eighth Amendment claim against Defendants Aramark and Barry.

Moreover, a delay in receiving meals while housed in segregation does not rise to an Eighth Amendment violation. The Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. A delay in meals while housed in segregation is a minor inconvenience. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a

---

[2]To the extent Plaintiff asserts that he notified Defendant Barry on May 17, 2007, about his expired juice, Plaintiff's claim is barred by the statute of limitations. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. Plaintiff's claim arose in May 2007. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claim accrued in 2007. However, he did not file his complaint until 2014, well past Michigan's three-year limit. Plaintiff's 2007 claim against Defendant Barry therefore is barred by the statute of limitations. "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 920-21 (2007).

flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). In addition, Plaintiff only alleges that he was delayed meals in segregation for a few hours, not that he was denied meals in segregation. Even so, the denial of a few meals is not an Eighth Amendment violation. *See Cunningham*, 667 F.2d at 566 (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (being deprived of seven meals over six consecutive days did not state a viable Eighth Amendment claim, because the prisoner "does not allege that his health suffered as a result of not receiving the meals.") Here, Plaintiff does not allege that his health suffered as a result of the delay in meals, or that the meals that he did receive were inadequate to sustain his a normal health. *See Cunningham*, 567 F.2d at 660. Consequently, Plaintiff does not state an Eighth Amendment claim for the delay in his meals while housed in segregation.

In sum, Plaintiff fails to state Eighth Amendment claims against Defendants Aramark, Barry and Neher.

### C. **Supervisory Liability**

To the extent Plaintiff suggests that Warden Napel is liable for failing to supervise his employees, he fails to state a claim. Government officials may not be held liable for the

unconstitutional conduct of their subordinates. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff fails to state a claim against Defendant Napel for supervisory liability.

        D.    **State Law**

Plaintiff complains that Warden Napel failed to enforce MDOC Policy Directive 02.03.100 and MDOC Policy Directive 02.03.130. Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction over the state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     7/17/2014            */s/ R. Allan Edgar*
                                R. ALLAN EDGAR
                                UNITED STATES DISTRICT JUDGE